# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 20-cv-1904 |
| v. | ) ) | Judge |
| FORRER BUSINESS INTERIORS, INC., a Wisconsin corporation, | ) ) ) ) | Magistrate Judge |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendant allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001, *et seq.* This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of

business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Forrer Business Interiors, Inc. ("Forrer") is a corporation organized under the laws of the State of Wisconsin.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During relevant times, Forrer was bound by collective bargaining agreements with a local union affiliated with the International Brotherhood of Teamsters, pursuant to which Forrer was required to make contributions to the Pension Fund on

behalf of certain of Forrer's employees.

10. The Pension Fund determined that on or about August 4, 2019, Forrer permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, Forrer incurred withdrawal liability to the Pension Fund in the principal amount of $13,442,090.47, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12. On or about November 26, 2019, Forrer received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund demanded full payment of the entire amount of the withdrawal liability by December 1, 2019, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2)(E) of the Pension Fund's Plan. The amount demanded was $13,442,090.47, the balance owed at that time on the withdrawal liability.

13. Under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), an employer that timely requests that a fund review a withdrawal liability assessment under section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A) may initiate arbitration to dispute the withdrawal liability within the time frame set forth in section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). However, if the employer does not timely request arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), the withdrawal liability amounts demanded by the fund become due and owing pursuant to section 4221(b)(1) of ERISA,

29 U.S.C. § 1401(b)(1).

14. Here, Forrer did not timely request review of the withdrawal liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and therefore has waived the right to initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the withdrawal liability amount demanded by the Pension Fund is due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

15. Forrer has failed to remit the required withdrawal liability payment (or any part thereof) to the Pension Fund.

**WHEREFORE,** Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, Trustee, request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) the past due withdrawal liability payment in the amount of $13,442,090.47;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an

annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

  (c) For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Lois J. Yu*
Lois J. Yu (ARDC #6321772)
Attorney for Plaintiffs
Central States Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2116
lyu@centralstatesfunds.org

March 20, 2020